† INHABITANTS OF EASTPORT *versus* THE CITY OF BELFAST.

In adjudicating by the selectmen upon the question of insanity, when applied to for a warrant to send a person to the insane hospital, they act judicially, and, of a case within their jurisdiction, a copy of their record is the legal evidence of their judgment.

Such judgment cannot be impeached by parol evidence. If erroneous it may be reversed.

And where a pauper, whose settlement is in another town, is thus adjudged insane and sent to the hospital, notice given of the expenses of commitment and payment thereof, will render the town where he has his settlement, liable to reimburse them as for any other supplies.

ON REPORT from *Nisi Prius*, CUTTING, J., presiding.

ASSUMPSIT, to recover the expenses of sending one Robert Hendrie to the Insane Hospital.

The settlement of the pauper was in the City of Belfast. On May 17, 1853, he and his family lived in Eastport, and on that day his wife complained to the selectmen of that town that he was insane, and that his comfort and safety, and that of his friends, would be promoted by sending him to the Insane Hospital.

Upon this complaint and the evidence before them, on the same day, the selectmen were of opinion that it was true, and ordered him to be conveyed to the hospital, and there detained until he became of sound mind or was otherwise legally discharged.

The record of the complaint and their adjudication was produced, and admitted against the objections of defendants.

The defendants proved, against the objection of plaintiffs, that they had no notice of these proceedings before the selectmen, but on May 20th, of that year they were notified of what had been done, and that Hendrie had been sent to the Insane ospital, and that the expense of his commitment and of his support there would be charged to the city of Belfast, he having his legal settlement therein.

On July 20, 1853, the defendants were again notified that plaintiffs had paid the sum sued for in this action, and of the previous action of the selectmen of Eastport in regard to Hendrie, and calling on them to refund the same, and that plaintiffs would look to them for payment of his support at the hospital.

No reply was made to those notices.

If the action be maintainable upon the legal evidence before the Court, a default to be entered and judgment for the sum sued for; otherwise, a nonsuit to be entered.

*G. F. Talbot*, for defendants.

The proceedings of the selectmen of Eastport were fatally defective, in that no notice was given to defendants where Hendrie had his settlement. Such notice was incidental to the very nature of the tribunal and of the proceedings. The selectmen were acting in a judicial capacity. There can be no valid judgment against persons having no notice of the suit. *Corliss* v. *Corliss*, 8 Verm. 387; *Kinderhook* v. *Clew & al.*, 15 John., 537; *Brown* v. *Wheeler*, 2 Ala. 373.

After this commitment by the selectmen of a town where the pauper has not his settlement, the pauper must remain a heavy charge upon the place of his settlement, and there

appears to be no relief, if it can be done without notice. The town committing him, may after six months investigate the matter of insanity, but the town ultimately liable has no such power by the statute. § 12, Acts of 1847, c. 33. If the selectmen of all our towns are invested with such powers to mulct a distant town or city without notice, it is not possessed by any other tribunal.

But the statute itself of 1847, impliedly requires notice to the town interested in the examination. It is incidental to the right of appeal, as granted in § 9 of that chapter. There was no one to appeal unless the defendants. His wife was the moving party, and Eastport was interested to get rid of a present annoyance. The defendants were denied that privilege for want of notice, and this takes away the basis of plaintiffs' charge against them.

The cases in 35 Maine, against Belgrade and East Machias, do not in any way conflict with the position here taken — the former was the town where the pauper's settlement was in fact, the latter only asserted the sufficiency of a copy of the record of selectmen as evidence.

*Hayden*, for plaintiffs.

1. A certified copy of the record of selectmen is evidence. *Eastport* v. *East Machias*, 35 Maine, 402.

2. Notification three months after payment is sufficient. *Worcester* v. *Milford*, 18 Pick. 379; *Cooper* v. *Alexander*, 33 Maine, 453.

3. No notice to defendants before adjudication by selectmen is necessary. Stat. 1847, § 8; *Insane Hospital* v. *Belgrade*, 35 Maine, 497.

TENNEY, J. — The only objection insisted upon in the defence of this action is, that the adjudication of the selectmen of the town of Eastport, in the case of Robert Hendrie, that he was insane, was made without any notice to the town of Belfast, where his settlement in the report of the case is admitted to have been.

Selectmen of towns are constituted a board of examiners,

whose duty shall be, upon complaint in writing of any relative of an insane person, &c., to inquire into the condition of such person, &c., and they are authorized and required to call before them such testimony, as shall be necessary for a full understanding of the case; and if it shall appear to them that the person is insane, and they shall be of the opinion, that the comfort and safety of the patient or others interested, will be promoted by a residence in the insane hospital, it shall be their duty, to send such person forthwith to that institution. Stat. of 1847, c. 33, § 8.

The selectmen are required to keep a record of their doings, and furnish a copy to any person interested, who may call and pay for the same. § 17, of the same chapter.

The record of the selectmen, who are thus made a judicial tribunal for this purpose, and have jurisdiction over the person named in a proper complaint, and the subject matter of the same, is the evidence of their proceedings and judgment, and this record is admissible as other judicial records. *Eastport* v. *East Machias*, 35 Maine, 402. It cannot be impeached by parol evidence. If it is erroneous as a record, it may be reversed. But if the selectmen have jurisdiction of the case, it is competent proof of the judgment.

As the record stands in the present case, it was sufficient authority for sending Robert Hendric, the person found to be insane, to the insane hospital.

In the Act referred to, in § 11, it is enacted, that no provision of the Act shall prevent any city or town, which has been made chargeable, and shall have paid for committing any insane person to the hospital, from recovering the same from any city or town, in the same manner as if incurred for the ordinary expense of any pauper.

Seasonable notice was given in behalf of the plaintiffs, to the overseers of the poor of the defendants, by the proper officers and in proper form, to which there was no reply, to enable the former to recover for the supplies furnished to this pauper, if he had fallen into distress in Eastport, and had been relieved at the expense of that

town, and the defendants are brought within the section last referred to, which by implication makes them liable for the sum agreed upon as damages.

*Defendants defaulted.*

